## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

APRIL JOHNSON, KRISTINA
BOWLES, and SAMANTHA
HOGGE, on behalf of themselves
and on behalf of all others
similarly situated,

    Plaintiffs,

v.                            CASE NO.:

SKYWAY CLAIMS
SERVICES, LLC,

    Defendant.
_____/

## CLASS ACTION COMPLAINT
## (JURY TRIAL DEMANDED)

Named Plaintiffs, April Johnson, Kristina Bowles, and Samantha Hogge, on behalf of themselves and on behalf of all others similarly situated ("Plaintiffs"), file this Class Action Complaint against Defendant, Skyway Claims Services, LLC ("Defendant") for violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). In further support thereof, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. This is a class action for the recovery by the Named Plaintiffs, on their own behalf and on behalf of hundreds of other similarly situated former employees of Defendant, seeking to recover damages in the amount of 60 days' compensation

and benefits for each of them by reason of the Defendant's violation of their rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act").

2.  The Named Plaintiffs and the Putative Class Members were employees of Defendant who were terminated without cause on their part on or about February 15, 2023, as part of or as the reasonably expected consequence of a mass layoff or plant closing, which was effectuated by Defendant on or about that date.

3.  Defendant failed to provide Plaintiffs with the sixty (60) days advance written notice that is required by the WARN Act.

4.  Defendant's mass layoffs deprived Plaintiffs "…and their families [of] some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

5.  Plaintiffs are entitled under the WARN Act to recover from the Defendant their wages and benefits for 60 days.

6.  Defendant will likely claim exemption from this requirement under the "unforeseeable business circumstance" exception of the WARN Act, and possibly cite to inflation, or financial issues.

7.  Under that exception, "[a]n employer may order a plant closing or mass layoff before the conclusion of the 60-day period if the closing or mass layoff

is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required." 29 U.S.C. § 2102(b)(2)(A).

8. However, Defendant was still mandated by the WARN Act to give Plaintiffs "as much notice as is practicable." Defendant failed to do so here, instead giving Plaintiffs just a few days advance notice at most. Thus, Plaintiffs seek all remedies available to them under the WARN Act against Defendant.

## JURISDICTION

9. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

10. The violation of the WARN Act as to the Named Plaintiffs alleged herein occurred in this District.

11. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

12. According to its website, Defendant is an American property and casualty insurance company with headquarters in Florida. It writes commercial, residential, homeowners', and flood insurance policies in several coastal states.

13. Plaintiffs worked remotely for Defendant.

14. The Named Plaintiffs each reported to Defendant's headquarters, located at 800 2nd Avenue S., Saint Petersburg, FL 33701 ("the Facility").

15. Prior to their abrupt terminations, the Named Plaintiffs were "employees" of Defendants as defined by the WARN Act.

16. On approximately February 13, 2023, the Named Plaintiffs were notified by Defendant that they were being terminated from their employment, without cause on her part, by the Defendant, with the termination effective date of February 15, 2023.

17. On February 15, 2023, and thereafter, the Named Plaintiffs and more than 100 employees of the Defendant were terminated without cause on their part as part of or as the reasonably expected consequence of the terminations that occurred on or about February 13, 2023.

18. Hundreds of those people, including the Named Plaintiffs, worked remotely from home for Defendant but reported directly to the Facility. The Named Plaintiffs and putative class members are out stationed because they all work remotely. However, the single site of employment to which they are assigned as their home base, from which their work is assigned, and to which they report is the Facility, located at 800 2nd Avenue S., Saint Petersburg, FL 33701.

19. The Named Plaintiffs bring this action on their own behalf and, pursuant to rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and the Putative Class Members.

## THE MASS LAYOFF / PLANT CLOSURE

20. On February 13, 2023, the Named Plaintiffs—who worked remotely for Defendant but reported to its headquarters—and the Putative Class Members learned for the first time that Defendant was terminating them effective February 15, 2023.

21. The written notices received by the Plaintiffs from Defendant came in the form of a "Separation letter," "Additional notices as required by your state and/or benefit plans, including the Notice of Group Life Conversion and Portability from Sun Life regarding your life insurance coverage," and, finally, a "COBRA Timeline."

22. None of these documents complied with the WARN Act's notice requirement.

23. At a minimum, WARN Act notices must contain: (i) the name and address of the employment site where the plant closing or mass layoff will occur, and the name and telephone number of a company official to contact for further information; (ii) a statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (iii) the expected date of the first separation and the anticipated schedule for making separations; and (iv) the job titles of positions to be affected and the names of the workers currently holding affected jobs.

24. To date Plaintiffs have never received a compliant WARN Act notice.

## THE CLAIM FOR RELIEF

25. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, *i.e.,* those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "Part-Time Employees"), or

employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

26. The terminations on or about February 15, 2023, of the employment of persons for hundreds of employees of Defendant, excluding Part-Time Employees.

27. The terminations on or about February 15, 2023, of the employment of persons who worked at the Facility, or as the reasonably foreseeable consequence of those terminations, resulted in the loss of employment for at least 33% of the Facility's employees excluding Part-Time Employees.

28. The Named Plaintiffs and the Putative Class Members were discharged without cause on their part on or about February 15, 2023, or thereafter, as the reasonably expected consequence of the terminations that occurred on or about February 15, 2023.

29. The Named Plaintiffs and each of the other Putative Class Members experienced an employment loss as part of or as the reasonably expected consequence of the mass layoff and/or plant closing that occurred on or about February 15, 2023.

## **CLASS ACTION ALLEGATIONS**

30. The Plaintiffs and the Putative Class Members constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

31. Specifically, the Named Plaintiffs seek to certify the following class:

**Nationwide WARN Act Class Action:**
All former employees of Defendant throughout the United States not given a minimum of 60 days' written notice of termination, and whose employment was terminated on or about February 15, 2023, or within two weeks of that date, as a result of a "mass layoff" or "plant closing" as defined by the Workers Adjustment and Retraining Notification Act of 1988.

32. Each of the Putative Class Members is similarly situated to the Plaintiffs with respect to his or her rights under the WARN Act.

33. Common questions of law and fact are applicable to all members of the Class.

34. The common questions of law and fact arise from and concern the following facts, among others: that all Putative Class Members enjoyed the protection of the WARN Act; that all Putative Class Members were employees of the Defendant who worked at the Facility; that the Defendant terminated the employment of all the members of the Class without cause on their part; that the Defendant terminated the employment of Putative Class Members without giving them at least 60 days' prior written notice as required by the WARN Act; that the Defendant failed to pay the Putative Class Members wages and to provide other employee benefits for a 60-day period following their respective terminations; and

7

on information and belief, the issues raised by an affirmative defenses that may be asserted by the Defendant.

35. The Named Plaintiffs' claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendant described above, the Plaintiffs and the other Putative Class Members is an injured party with respect to his/her rights under the WARN Act.

36. The Named Plaintiffs will fairly and adequately protect and represent the interests of the Class.

37. The Named Plaintiffs have the time and resources to prosecute this action.

38. The Named Plaintiffs have retained the undersigned counsel who have had extensive experience litigating WARN Act claims, employee rights' claims, and other claims in Federal court.

39. The Class is so numerous as to render joinder of all members impracticable in that there are approximately 700-1,000 members of the Class.

40. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

41. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. No Putative Class Member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

43. No litigation concerning the WARN Act rights of any Class member has been commenced.

44. Concentrating all the potential litigation concerning the WARN Act rights of the Putative Class Members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the Putative Class Members.

45. On information and belief, the names of all the Putative Class Members are contained in Defendant's books and records.

46. On information and belief, a recent residence address of each of the Putative Class Members is contained in Defendant's books and records.

47. On information and belief, the rate of pay and the benefits that were being paid or provided by Defendant to each Class member at the time of his or her termination are contained in Defendant's books and records.

48. As a result of Defendant's violation of the WARN Act, each Putative Class Members is entitled to recover an amount equal to the sum of: (a) his/her respective wages, salaries, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) his/her medical expenses incurred during the 60-day period following their respective terminations that would have been covered and paid

under the Defendant's health insurance plan had that plan provided coverage for such period.

49. Defendant failed to pay the Plaintiffs and the other Putative Class Members for the Defendant's violation of the WARN Act in an amount equal to the sum of or any part of the sum of (a) their respective wages, salary, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) their medical expenses incurred during the 60 calendar days from and after the date of his/her termination that would have been covered under the Defendant's benefit plans had those plans remained in effect.

50. The Named Plaintiffs hereby demand a jury trial of all issues that may be so tried.

**WHEREFORE**, the Named Plaintiffs demands judgment as follows:

A. In favor of the Named Plaintiffs and each Putative Class Members against the Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for 60 days; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 days; and (c) medical expenses incurred during the 60 day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for

such period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

      B.     Appointment of the Named Plaintiffs as Class Representative;

      C.     Appointment of the undersigned as Class Counsel;

      D.     In favor of the Named Plaintiffs for the reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a)(6).

      E.     Interest allowed by law;

      F.     Such other and further relief as this Court deems just and proper.

Dated this 16th day of February, 2023.

>Respectfully submitted,
>
>*/s/Brandon J. Hill*
>**BRANDON J. HILL**
>Florida Bar Number: 0037061
>**LUIS A. CABASSA**
>Florida Bar Number: 0053643
>**AMANDA E. HEYSTEK**
>Florida Bar Number: 0285020
>**WENZEL FENTON CABASSA, P.A.**
>1110 North Florida Avenue, Suite 300
>Tampa, FL 33602
>Main No.: 813-224-0431
>Direct No.: 813-379-2565
>Facsimile: 813-229-8712
>Email: bhill@wfclaw.com
>Email: lcabassa@wfclaw.com
>Email: aheystek@wfclaw.com
>Email: gdesane@wfclaw.com
>
>***Attorneys for Named Plaintiffs***